IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOLLOWAY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-420-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Christopher Holloway, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is serving a 28-year sentence in TDCJ on his 1999 Tarrant County conviction for aggravated kidnapping with a deadly weapon in Case No. 0687124D for an offense occurring on March 15, 1998. SHR[1] 44, 51, ECF No. 11-2. Petitioner has been denied release on parole twice, most recently on or about February 23, 2017. Resp't's Ex. A, ECF No. 12.

By way of this federal habeas petition, Petitioner complains that the Texas Board of Pardons and Paroles (the Board) denied his early release on parole in violation of state law and constitutional

---

[1]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-86,701-01.

due process.[2] Pet. 6-8, ECF No. 1. According to Petitioner, he has "a constitutional expectancy of an early release based on the accumulation of time credits[,]" flat- and good-time credits, totaling or exceeding his 28-year sentence; thus, the Board's denial of parole has "the effect of altering [his] sentence and or length of confinement" and depriving him of his protected property interest in his earned time credits. Pet. 6, ECF No. 1. Petitioner filed a state habeas-corpus application raising his claim, which was denied without written order by the Texas Court of Criminal Appeals. Writ Rec'd & Action Taken, ECF Nos. 11-1 & 11-2.

## II. RULE 5 STATEMENT

Respondent believes that the petition is neither time-barred nor successive and that Petitioner has exhausted his state-court remedies as to the claim raised. Resp't's Answer 4, ECF No. 9.

## III. DISCUSSION

Petitioner's claim that the denial of parole violates state law is not cognizable on federal habeas-corpus review. Federal habeas relief is available only to correct violations of the constitution and laws of the United States. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire,* 502 U.S. 62, 480 (1991). And, the matter of a prisoner's accrued time credits presents a basis for federal habeas relief only if the petitioner has been deprived of a federal constitutional right. A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, Texas parole statutes, past and present, do not create a

---

[2]To the extent Petitioner attempts to raise a claim that the denial of parole constitutes a breach of contractual obligations for the first time in this federal habeas petition, the claim is unexhausted for purposes of § 2254(b)(1)(A) and is not considered. Pet. 7-8, ECF No. 1.

protectible property or liberty interest in good-time credits which would implicate federal due-process considerations. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Nor is a Texas prisoner's sentence reduced by good-time credits. *See Ex parte Hallmark,* 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Thus, contrary to Petitioner's assertion, a denial of parole does not lengthen the sentence imposed by the trial court; it merely requires a prisoner to serve out the remainder of his sentence. The state court's denial of Petitioner's claim was not contrary to, or an unreasonable, application of federal law. *See* 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to relief.

**IV. CONCLUSION**

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 8th day of November, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**